IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:24MJ282 |
| | ) | |
| HASAN HAMDAN, | ) | |
| | ) | |
| Defendant. | ) | |
| ------------------------------------ | ) | ------------------------------ |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:24MJ277 |
| | ) | |
| MOHAMMAD DABOUS, | ) | |
| | ) | |
| Defendant. | ) | |

**Motion to Continue September 17, 2024 Status Hearing and
Memorandum in Support**

This case is currently set for status on September 17, 2024. The United States respectfully requests a 45-day continuance, with the expectation that these matters will be resolved either prior to or on the next court date. The defendants oppose the continuance and would like to proceed with the status hearing on September 17.

I.   **Background and Procedural History.**

Mr. Dabous and Mr. Hamdan are not United States citizens. They primarily speak Arabic and have limited proficiency with the English language. The undersigned anticipates that the facts will show that on or about May 3, 2024, Mr. Dabous and Mr. Hamdan drove to Marine Corps Base Quantico, Virginia. Mr. Dabous was employed by a subcontractor for an e-

commerce company. As a part of his employment, Mr. Dabous needed to make a delivery to the Post Office in the town of Quantico. The town of Quantico is only accessible via the Marine Corps Base (individuals traveling to the town must go through the military gate and on base to get to the town), but the town itself is not military property, and a number of residents there have no military connection.

When Mr. Dabous and Mr. Hamdan arrived at Marine Corps Base Quantico gate, Marine Corps police officers asked their purpose for entering the base. Mr. Dabous stated he was scheduled to make a delivery and provided a delivery manifest which confirmed the scheduled delivery in the town of Quantico. When asked if he had base access, Mr. Dabous replied that he did not. He and Mr. Hamdan then provided photo identification to law enforcement, as well as an itinerary confirming their valid reason to travel onto base, and were directed to wait in an adjacent holding area for a vehicle inspection and visitor check. Mr. Dabous drove the vehicle toward the holding area. When law enforcement observed that the vehicle was not stopping in the area they instructed it to stop, they activated the base's denial barriers, deploying a barrier to prevent base access. Mr. Dabous stopped his vehicle before reaching the barrier.

The undersigned also anticipates that the facts will show that after Mr. Dabous stopped his vehicle, he was directed to move his vehicle back to the holding area, which he did. During an inspection of the vehicle, officers did not locate any contraband. They observed what appeared to be undelivered packages. A canine sweep of the vehicle was negative. Officers transported Mr. Dabous and Mr. Hamdan to the Quantico Provost Marshal's Office, where the officers communicated with them with the assistance of a translation application given their limited English proficiency. Both were issued petty offense citations for trespassing in violation of 18 U.S.C. § 1382, which carries a maximum penalty of six months' imprisonment and/or a fine. Immigration and Customs Enforcement (ICE) deportation officers took custody of both

individuals for further immigration processing. They were later released on bond from immigration custody and are currently in removal proceedings.

Marine Corps (CID) agents spoke with Mr. Dabous's supervisor at the subcontractor delivery company, who confirmed Mr. Dabous's employment and verified the scheduled authorized delivery to the town of Quantico on May 3, 2024.

Both Mr. Hamdan and Mr. Dabous' tickets required them to appear in federal court in Alexandria on July 22, 2024. With the aid of an Arabic interpreter, both individuals appeared and were appointed counsel. The Court set several pretrial conditions of release, and scheduled a status conference for September 17, 2024.

## II.     Need for a Continuance.

The Government is requesting a continuance of the status date of 45-days in this matter. This is the first requested continuance.  This Court exercises discretion over whether to grant a continuance, and may do so "for good cause and upon such terms as the Court may impose." E.D.Va. Local Crim. R. 47(G); *see also United States v. Williams*, 445 F.3d 724, 738-39 (4th Cir. 2006); *United States v. Macauley*, Case No. 1:11-cr-199, 2011 WL 485366 (E.D.Va. Oct. 13, 2011) at *2.  A continuance here will allow the parties to verify certain information likely to assist in reaching an agreed resolution of the matter, thereby promoting judicial economy.  In fact, the Government believes such a continuance will likely lead to a resolution in this matter, either before or on the next court date.

The information currently available to the government does not suggest that a continuance would pose a significant risk of to the safety of the community or to the defendants' nonappearance at future proceedings, should there be the need for another proceeding in this matter.  The defendants have appeared as scheduled at the earlier proceeding in this case and have not violated any of their pretrial conditions.

Moreover, before filing this Motion, this Office consulted with Homeland Security Investigations (HSI) and Enforcement and Removal Operations for U.S. Immigration and Customs Enforcement (ERO). They have informed this Office that they have no national security concerns related to Hasan Hamdan or Mohammad Dabous. Neither agency has any derogatory information about either defendant. Neither defendant is on the watchlist. There is no open Guardian investigation on either defendant. Guardian is a system for sharing, tracking, and mitigating counterterrorism-based reports.

Before filing this motion, this Office consulted the Federal Bureau of Investigation (FBI). The FBI is not aware of any nexus to terrorism with Hasan Hamdan or Mohammad Dabous. The FBI has not identified any national security concerns regarding either defendant and has no information that contradicts the information provided by HSI and ERO in the previous paragraph.

**III.     Conclusion.**

The Government respectfully requests the status conferences in the above-titled cases be continued from September 17, 2024 to a date in late October at the Court's convenience.

Respectfully submitted,

Jessica Aber
United States Attorney

By: _____/s/_____
Alexander F. Amico
Special Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Office: (703) 299-3913
Fax: (703) 299-3902
Email: alexander.amico@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2024, I filed electronically the foregoing with the Clerk of Court using the CM/ECF system, which will serve all counsel of record.

                                                /s/
                                  name
                                  Special Assistant United States Attorney